201805911
hw

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### AT PIKEVILLE

IN RE: | Case No. 18-70393

William Charles Polly, Jr. | Chapter 7

Debtor. | Chief Judge Tracey Wise

**MOTION OF WELLS FARGO BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT (PROPERTY LOCATED AT 3 BROAD STREET, VAN LEAR, KY 41265)**

Now comes Wells Fargo Bank, N.A. (the "Movant") moves this Court, under §§ 361, 362, 363, 554 and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rules 4001, 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order conditioning, modifying or dissolving the automatic stay imposed by § 362 of the Bankruptcy Code and for abandonment of property under § 554 of the Bankruptcy Code. In support of this Motion, the Movant states:

### <u>MEMORANDUM IN SUPPORT</u>

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

1

2.      Prior to the filing of this bankruptcy petition, Debtor executed a promissory note (the "Note") which is in the possession of Movant.

3.      To secure payment of the Note and performance of the other terms contained in it, the debtor and Angelica Williamson executed a Mortgage (the "Security Agreement").  The Security Agreement granted a lien on the real and/or personal property (the "Collateral") owned by the debtor, located at 3 Broad Street, Van Lear, KY 41265 and more fully described in the Security Agreement. The lien was duly perfected by the recording of the Security Agreement in the County Clerk's Records.

4.      The Movant is entitled to enforce the Note and Security Agreement. The documents establishing this right are attached hereto and include the Note, applicable endorsement(s) and/or allonges, if any; and the Security Agreement and any applicable assignment(s).  Movant is the holder of the original Note. Possession of the original note gives Creditor standing to enforce the obligations secured thereby. *Stevenson v. Bank of Am.*, 359 S.W.3d 466, 470 (Ky. Ct. App. 2011).

5.      The Debtor's schedules have the value of the Collateral as $64,100.00.

6.      Other persons/entities that may claim an interest in the Collateral:

            Angelica J Williamson (signed only mortgage)

7.      As of the August 16, 2018, there is currently due and owing on the Note the outstanding principal and interest balance of  $48,132.93, plus interest accruing thereon at the rate of 5.5000% per annum along with any fees, costs, escrow advances or other expenses that may have been incurred since the petition date as are allowed by law.

8.      The Movant is entitled to relief from the automatic stay under §§ 362(d)(1) and/or 362(d)(2) as Creditor lacks adequate protection as to its secured interest in the Collateral and there is

2

little or no equity in the Collateral for the benefit of the estate.

9.     Movant has attached as Exhibit A, a copy of the proof of claim filed in this case by Movant, along with copies of the supporting documents establishing the Movant's perfected security interest in the above described collateral.

WHEREFORE, Movant prays that the automatic stay imposed by 11 U.S.C. § 362 be terminated in all respects as against said Movant, and its successors and assigns; and that the Trustee will have 14 days from the conclusion of the Meeting of Creditors to object to abandonment of the property of the estate that is the subject of the motion. If no objection or motion for extension of time is filed prior to the expiration of this 14 day period, then the property will be deemed abandoned on the 15th day following the conclusion of the Meeting of Creditors, subject to FRBP 9006(a)(1).

/s/ Joel K. Jensen
Joel K. Jensen
Bar Registration #81820
513-241-3100 x-3349

LERNER, SAMPSON & ROTHFUSS
Attorneys for Movant
P.O. Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100
(513) 241-4094 Fax
(877) 661-7891 Toll Free Fax
ekybk@lsrlaw.com

## NOTICE AND OPPORTUNITY FOR HEARING

The undersigned certifies that a copy of the foregoing Motion for Relief from the Automatic Stay and for Abandonment of Property was electronically transmitted on August 21, 2018 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list. Unless within fourteen (14) days  a written responsive objection to the Motion is filed with the Court and served on the undersigned, an order sustaining the Motion may be entered by the Court.

A hearing will be held only in the event a written responsive objection is timely filed and served.

Hon. Roger Toyray Adams – Attorney for Debtors
Roger Toyray Adams
PO Box 308
Paintsville, KY 41240
toyrayadamsbankruptcynotices@yahoo.com

J. Edwards, Trustee
PO Box 1779
Somerset, KY 42502
edwardstrustee@gmail.com

Office of U.S. Trustee
100 East Vine Street
Suite 500
Lexington, KY 40507
ustpregion08.lx.ecf@usdoj.gov

4

The undersigned certifies that a copy of the foregoing Motion for Relief from the Automatic Stay and for Abandonment of Property was transmitted on August 21, 2018 via regular U.S. mail, postage pre-paid:

William Charles Polly, Jr.
3 Broad Street
Van Lear, KY 41265

Angelica Jean Williamson - TitleHolder
3 Broad Street
Van Lear, KY 41265

/s/ Joel K. Jensen
Joel K. Jensen
Bar Registration #81820
513-241-3100 x-3349

LERNER, SAMPSON & ROTHFUSS
Attorneys for Movant
P.O. Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100
(513) 241-4094 Fax
(877) 661-7891 Toll Free Fax
ekybk@lsrlaw.com

# Exhibit A

| Fill in this information to identify the case: |
|---|
| Debtor 1  William Charles Polly, Jr. |
| Debtor 2 |
| (Spouse, if filing) |
| United States Bankruptcy Court for the: Eastern District of Kentucky |
| (Pikeville) |
| Case number 18-70393-tnw |

Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Official Form 410
## Proof of Claim

04/16

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**    Wells Fargo Bank, NA

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Wells Fargo Bank, N.A.
Default Document Processing
MAC# N9286-01Y

Name
1000 Blue Gentian Road

Number    Street
Eagan MN 55121-7700

City    State    ZIP Code

Contact phone  800-274-7025

Contact email  POCNOTIFICATIONS@WELLSFARGO.COM

**Where should payments to the creditor be sent?(if different)**

Wells Fargo Bank, N.A.
Attention: Payment Processing
MAC# F2302-04C

Name
1 Home Campus

Number    Street
Des Moines IA 50328

City    State    ZIP Code

Contact phone  800-274-7025

Contact email  POCNOTIFICATIONS@WELLSFARGO.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
W F C M G F 1 8 7 0 3 9 3 K Y E 4 3 6 9 2 3 2 9

**4. Does this claim amend one already filed?**  ☒ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
                                                                                                              MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**  ☒ No
☐ Yes.  Who made the earlier filing? _____

---

**Part 2:**    Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 2329

**7. How much is the claim?**  $ 49,646.58    **Does this amount include interest or other charges?**
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Money Loaned

**9. Is all or part of the claim secured?**
☐ No
☒ Yes.  The claim is secured by a lien on property.

Nature of property:

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe:    3 BROAD STREET  VAN LEAR KY 41265

Basis for perfection:    Recorded Mortgage/Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $ _____

Amount of the claim that is secured:      $ 49,646.58

Amount of the claim that is unsecured:   $ _____      (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ 4,895.89

Annual Interest Rate (when case was filed)  5.5 _____ %
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes.  Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes.  Identify the property: _____

---

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | Amount entitled to priority |
| | ☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.<br>11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment | |

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  August 16, 2018

/s/ Mia L. Conner
Mia L. Conner
KY Bar Registration #: 90625
513-241-3100 x-3445

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Mia | L. | Conner |
| | First name | Middle name | Last name |
| Title | Case Attorney | | |
| Company | Lerner, Sampson & Rothfuss | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 120 East Fourth Street, 8th Floor | | |
| | Number        Street | | |
| | Cincinnati, | Ohio | 45202 |
| | City | State | ZIP Code |
| Contact phone | (513) 241-3100 | Email   ekybk@lsrlaw.com | |

(12/15)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 18-70393-tnw |
| Debtor 1: | William Charles Polly, Jr |
| Debtor 2: | |
| Last 4 digits to identify: | 2329 |
| Creditor: | Wells Fargo Bank, N.A |
| Servicer: | N/A |
| Fixed accrual/daily simple interest/other: | Fixed Accrual |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 46,322.77 |
| Interest due: | 1,468.48 |
| Fees, costs due: | 2,140.79 |
| Escrow deficiency for funds advanced: | 0.00 |
| Other: | 33.88 |
| Less total funds on hand: | 257.34 |
| Total debt: | 49,646.58 |

*Not to be used for payoff purposes

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | 1,768.06 |
| Prepetition fees due: | 2,140.79 |
| Escrow deficiency for funds advanced: | 0.00 |
| Projected escrow shortages: | 992.45 |
| Other: | 0.00 |
| Less funds on hand: | 5.43 |
| Total prepetition arrearage: | 4,895.89 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | 294.68 |
| Monthly escrow: | 124.44 |
| Private mortgage insurance: | 33.88 |
| Optional Products: | 0.00 |
| Total monthly payment: | 453.00 |

*Additional changes to the monthly payment amount may be required because interest rate adjustments or escrow requirement changes.

## Part 5: Loan Payment History from First Date of Default

| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual Prin, int & due date esc date due | Contractual Prin, int & esc due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| 10/01/2016 | | | | Beginning Balances | | 0.00 | | | | | | | | | | 0.00 |
| 10/01/2016 | 457.90 | | | Monthly payment | 10/01/2016 | 457.90 | | | | | | 47,514.15 | | 0.00 | 539.37 | 0.00 |
| 10/02/2016 | | | | 25.52 Payment | 10/01/2016 | 457.90 | | 0.00 | | 25.52 | | 47,514.15 | | 0.00 | 539.37 | 0.00 |
| 10/17/2016 | | | | 7.32 Late Charge | 10/01/2016 | 457.90 | | | | | | 47,514.15 | | 0.00 | 500.55 | 0.00 |
| 11/01/2016 | 457.90 | | | Monthly payment | 10/01/2016 | 915.80 | | | | 18.32 | 18.32 | 47,514.15 | | 0.00 | 504.05 | 18.32 |
| 11/01/2016 | | 457.90 | | Payment | 10/01/2016 | 457.90 | 76.91 | 217.77 | | 163.22 | | 47,437.24 | 0.00 | 667.27 | 504.05 | 18.32 |
| 11/04/2016 | | | | 25.52 Payment | 11/01/2016 | 457.90 | 0.00 | 0.00 | | -35.52 | | 47,437.24 | 0.00 | 631.95 | 18.32 |
| 11/15/2016 | | | | 18.32 Late Charge | 11/01/2016 | 457.90 | | | | | 18.32 | 47,437.24 | | 0.00 | 631.95 | 36.64 |
| 11/17/2016 | | | | 578.78 City tax disbursement | 11/01/2016 | 457.90 | | 0.00 | | -578.78 | | 47,437.24 | | 0.00 | 53.17 | 36.64 |
| 11/18/2016 | 457.90 | | | Payment | 11/01/2016 | 0.00 | 77.26 | 217.42 | | 163.22 | | 47,359.98 | 0.00 | 216.39 | 36.64 |
| 12/01/2016 | 457.90 | | | Monthly payment | 12/01/2016 | 457.90 | | | | | | 47,359.98 | | 0.00 | 216.39 | 36.64 |
| 12/02/2016 | | | | 25.52 Payment | 12/01/2016 | 457.90 | 0.00 | 0.00 | | -35.52 | | 47,359.98 | 0.00 | 181.07 | 36.64 |
| 12/16/2016 | | | | 4.93 Late Charge | 12/01/2016 | 457.90 | | | | | 18.32 | 47,359.98 | | 0.00 | 181.07 | 54.96 |
| 12/17/2016 | | 457.90 | | Payment | 12/01/2016 | 0.00 | 77.61 | 217.07 | | 163.22 | | 47,282.37 | 0.00 | 344.29 | 54.96 |

Official Form 410A

Mortgage Proof of Claim Attachment

page 1 of 4

(12/15)

# Mortgage Proof of Claim Attachment: Additional Page

Case number: 18-70393-tnw
Debtor 1: William Charles Polly Jr

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual Pmt. due date | G. Contractual Pmt, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/01/2017 | 457.90 | | | Monthly payment | 01/01/2017 | 457.90 | | | | | | | | | | 54.96 |
| 01/01/2017 | | | 35.32 | Payment | 01/01/2017 | 457.90 | 0.00 | 0.00 | 0.02 | -35.32 | | 47,282.37 | 47,282.27 | 0.00 | 344.29 | 54.96 |
| 01/15/2017 | | 457.90 | | Payment | 01/01/2017 | 0.00 | 77.87 | 216.71 | 163.22 | | | 47,204.40 | 47,282.27 | 0.00 | 308.97 | 54.96 |
| 02/01/2017 | 457.90 | | | Monthly payment | 02/01/2017 | 457.90 | | | | | | | 47,204.40 | 0.00 | 472.19 | 54.96 |
| 02/02/2017 | | | 33.32 | Payment | 02/01/2017 | 457.90 | 0.00 | 0.00 | 0.00 | -35.32 | | 47,204.40 | 47,204.40 | 0.00 | 472.19 | 54.96 |
| 02/16/2017 | | 457.90 | | Payment | 02/01/2017 | 0.00 | 78.33 | 216.35 | 163.22 | | | 47,126.07 | 47,204.40 | 0.00 | 436.87 | 54.96 |
| 03/01/2017 | 454.57 | | | Monthly payment | 03/01/2017 | 454.57 | 0.00 | | | | | | 47,126.07 | 0.00 | 600.09 | 54.96 |
| 03/03/2017 | | | 35.32 | Payment | 03/01/2017 | 454.57 | 0.00 | 0.00 | 0.00 | -35.32 | | 47,126.07 | 47,126.07 | 0.00 | 600.09 | 54.96 |
| 03/15/2017 | | 454.57 | | Payment | 03/01/2017 | 0.00 | 78.69 | 215.99 | 169.89 | | | 47,047.38 | 47,126.07 | 0.00 | 564.77 | 54.96 |
| 04/01/2017 | 454.57 | | | Monthly payment | 04/01/2017 | 454.57 | | | | | | | 47,047.38 | 0.00 | 734.66 | 54.96 |
| 04/03/2017 | | | 35.32 | Payment | 04/01/2017 | 454.57 | 0.00 | 0.00 | -35.32 | | | 47,047.38 | 47,047.38 | 0.00 | 734.66 | 54.96 |
| 04/19/2017 | | 454.57 | | Payment | 04/01/2017 | 0.00 | 79.05 | 215.63 | 169.89 | | | 46,968.33 | 47,047.38 | 0.00 | 699.34 | 54.96 |
| 05/01/2017 | 454.57 | | | Monthly payment | 05/01/2017 | 454.57 | 0.00 | | | | | | 46,968.33 | 0.00 | 869.23 | 54.96 |
| 05/04/2017 | | | 34.62 | Payment | 05/01/2017 | 454.57 | 0.00 | 0.00 | -34.62 | | | 46,968.33 | 46,968.33 | 0.00 | 834.61 | 54.96 |
| 05/16/2017 | | | 18.58 | Late Charge | 05/01/2017 | 454.57 | 0.00 | | | | 18.58 | 46,968.33 | 46,968.33 | 0.00 | 834.61 | 73.54 |
| 05/18/2017 | | 454.57 | | Payment | 05/01/2017 | 0.00 | 78.41 | 215.27 | 169.89 | | | 46,888.92 | 46,968.33 | 0.00 | 1,004.50 | 73.54 |
| 06/01/2017 | 454.57 | | | Monthly payment | 06/01/2017 | 454.57 | 0.00 | 0.00 | | | | | 46,888.92 | 0.00 | 1,004.50 | 73.54 |
| 06/02/2017 | | | 34.62 | Payment | 06/01/2017 | 454.57 | 0.00 | 0.00 | -34.62 | | | 46,888.92 | 46,888.92 | 0.00 | 969.88 | 73.54 |
| 06/16/2017 | | | 18.58 | Late Charge | 06/01/2017 | 454.57 | 0.00 | | | | 18.58 | 46,888.92 | 46,888.92 | 0.00 | 969.88 | 92.12 |
| 07/01/2017 | 454.57 | | | Monthly payment | 06/01/2017 | 929.14 | 0.00 | 0.00 | | | | | 46,888.92 | 0.00 | 969.88 | 92.12 |
| 07/01/2017 | | 454.57 | | Payment | 06/01/2017 | 454.57 | 78.77 | 214.91 | 169.89 | | | 46,809.15 | 46,888.92 | 0.00 | 1,139.77 | 92.12 |
| 07/03/2017 | | | 34.62 | Payment | 07/01/2017 | 464.57 | 0.00 | 0.00 | -34.62 | | | 46,809.15 | 46,809.15 | 0.00 | 1,105.15 | 92.12 |
| 07/06/2017 | | | 920.27 | Hazard Insurance Disbursement | 07/01/2017 | 464.57 | 0.00 | 0.00 | -920.27 | | | 46,809.15 | 46,809.15 | 0.00 | 184.88 | 92.12 |

(12/15)

## Mortgage Proof of Claim Attachment: Additional Page

Case number: 18-70393-tnw
Debtor 1: Wilburn Charles Polly, Jr

### Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual Prin, int & due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/17/2017 | | | | 18.58 Late Charge | | 464.57 | | | | | 18.58 | 46,809.15 | | | 184.88 | 110.70 |
| 07/20/2017 | | 464.57 | | Payment | 07/01/2017 | 0.00 | 80.14 | 214.54 | | 169.89 | | 46,729.01 | | 0.00 | 384.77 | 110.70 |
| 08/01/2017 | 464.57 | | | Monthly payment | 08/01/2017 | 464.57 | | | | | | 46,729.01 | | | 384.77 | 110.70 |
| 08/04/2017 | | | 34.62 | Payment | 08/01/2017 | 464.57 | 0.00 | 0.00 | | -34.62 | | 46,729.01 | | 0.00 | 320.15 | 110.70 |
| 08/16/2017 | | | 18.58 | Late Charge | 08/01/2017 | 464.57 | | | | | 18.58 | 46,729.01 | | | 320.15 | 129.28 |
| 08/20/2017 | | 464.57 | | Payment | 09/01/2017 | 0.00 | 80.51 | 214.17 | | 169.89 | | 46,648.50 | | 0.00 | 450.04 | 129.28 |
| 09/01/2017 | 464.57 | | | Monthly payment | 09/01/2017 | 464.57 | | | | | | 46,648.50 | | | 450.04 | 129.28 |
| 09/05/2017 | | | 34.62 | Payment | 09/01/2017 | 464.57 | 0.00 | 0.00 | | -34.62 | | 46,648.50 | | 0.00 | 465.42 | 129.28 |
| 09/15/2017 | | 464.57 | | Payment | 09/01/2017 | 0.00 | 80.87 | 213.81 | | 169.89 | | 46,567.63 | | 0.00 | 625.31 | 129.28 |
| 10/01/2017 | 464.57 | | | Monthly payment | 10/01/2017 | 464.57 | | | | | | 46,567.63 | | | 625.31 | 129.28 |
| 10/04/2017 | | | 34.62 | Payment | 10/01/2017 | 464.57 | 0.00 | 0.00 | | -34.62 | | 46,567.63 | | 0.00 | 590.69 | 129.28 |
| 10/16/2017 | | | 18.58 | Late Charge | 10/01/2017 | 464.57 | | | | | 16.56 | 46,567.62 | | | 590.69 | 147.86 |
| 10/20/2017 | | 464.57 | | Payment | 10/01/2017 | 0.00 | 81.25 | 213.43 | | 169.89 | | 46,486.38 | | 0.00 | 590.69 | 147.86 |
| 11/01/2017 | 464.57 | | | Monthly payment | 11/01/2017 | 464.57 | | | | | | 46,486.38 | | | 760.58 | 147.86 |
| 11/02/2017 | | | 34.62 | Payment | 11/01/2017 | 464.57 | 0.00 | 0.00 | | -34.62 | | 46,486.38 | | 0.00 | 725.96 | 147.86 |
| 11/16/2017 | | | 572.97 | City tax disbursement | 11/01/2017 | 464.57 | 0.00 | 0.00 | | -572.97 | | 46,486.38 | | 0.00 | 152.99 | 147.86 |
| 12/01/2017 | | | 18.58 | Late Charge | 11/01/2017 | 464.57 | | | | | 18.58 | 46,486.38 | | | 152.99 | 166.44 |
| 12/02/2017 | 464.57 | | | Monthly payment | 11/01/2017 | 929.14 | | | | | | 46,486.38 | | | 152.99 | 166.44 |
| 12/07/2017 | | 464.57 | | Payment | 11/01/2017 | 920.14 | 81.62 | 213.06 | | 169.89 | | 46,404.76 | | 0.00 | 118.37 | 166.44 |
| 12/20/2017 | | | 34.62 | Payment | 12/01/2017 | 464.57 | 0.00 | 0.00 | | -34.62 | | 46,404.76 | | 0.00 | 288.26 | 166.44 |
| 01/01/2018 | | | 18.58 | Late Charge | 12/01/2017 | 917.62 | | | | | 18.39 | 46,424.76 | | | 288.26 | 185.02 |
| 01/04/2018 | 453.06 | | | Monthly payment | 12/01/2017 | 917.62 | 0.00 | 0.00 | | | | 46,424.76 | | 0.00 | 288.26 | 185.02 |
| 01/17/2018 | | 470.00 | | Payment | 12/01/2017 | 453.05 | 81.99 | 212.69 | | 169.86 | 5.43 | 46,322.77 | | 0.00 | 423.53 | 185.02 |

(12/15)

# Mortgage Proof of Claim Attachment: Additional Page

Case number:  18-70393-tnw
Debtor 1:  William Charles Petry, Jr.

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | Account Activity | | E. Description | F. Contractual payment due date | G. Contractual Prin, int & esc past due balance | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | C. Funds received | D. Amount incurred | | | | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees/Charges balance | Q. Unapplied funds balance |
| 01/16/2018 | | | | 18.37 Late Charge | 01/01/2018 | 453.05 | | | | | 18.37 | 46,322.77 | 46,322.77 | 0.00 | 423.53 | 203.39 |
| 02/01/2018 | 452.05 | | | Monthly payment | 01/01/2016 | 906.10 | | | | | | 46,322.77 | 46,322.77 | 0.00 | 423.53 | 203.39 |
| 02/02/2018 | | | 34.62 | Payment | 01/01/2018 | 906.10 | 0.00 | 0.00 | -34.62 | | | 46,322.77 | 46,322.77 | 0.00 | 388.91 | 203.39 |
| 02/16/2018 | | | 18.58 | Late Charge | 01/01/2018 | 906.10 | | | | | 18.58 | 46,322.77 | 46,322.77 | 0.00 | 388.91 | 221.97 |
| 03/01/2018 | 453.74 | | | Monthly payment | 01/01/2018 | 1,359.84 | | | | | | 46,322.77 | 46,322.77 | 0.00 | 388.91 | 221.97 |
| 03/02/2018 | | | 34.62 | Payment | 01/01/2018 | 1,359.84 | 0.00 | 0.00 | -34.62 | | | 46,322.77 | 46,322.77 | 0.00 | 354.29 | 221.97 |
| 03/16/2018 | | | 18.21 | Late Charge | 01/01/2018 | 1,359.84 | | | | | 18.21 | 46,322.77 | 46,322.77 | 0.00 | 354.29 | 240.18 |
| 04/01/2018 | 453.74 | | | Monthly payment | 01/01/2018 | 1,813.58 | | | | | | 46,322.77 | 46,322.77 | 0.00 | 354.29 | 240.18 |
| 04/04/2018 | | | 34.62 | Payment | 01/01/2018 | 1,813.58 | 0.00 | 0.00 | -34.62 | | | 46,322.77 | 46,322.77 | 0.00 | 319.67 | 240.18 |
| 04/16/2018 | | | 18.21 | Late Charge | 01/01/2018 | 1,813.58 | | | | | 18.21 | 46,322.77 | 46,322.77 | 0.00 | 319.67 | 258.39 |
| 05/01/2018 | 453.74 | | | Monthly payment | 01/01/2018 | 2,267.32 | | | | | | 46,322.77 | 46,322.77 | 0.00 | 319.67 | 258.39 |
| 05/04/2018 | | | 33.88 | Payment | 01/01/2018 | 2,267.32 | 0.00 | 0.00 | -33.88 | | | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 258.39 |
| 05/15/2018 | | | 13.00 | Recording fees | 01/01/2018 | 2,267.32 | | | | | 13.00 | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 271.39 |
| 05/17/2018 | | | 1,125.00 | Attorney's fees | 01/01/2018 | 2,267.32 | | | | | 1,125.00 | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 1,396.39 |
| 05/17/2018 | | | 12.40 | Attorney costs (Other) | 01/01/2018 | 2,267.32 | | | | | 12.40 | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 1,408.79 |
| 05/17/2018 | | | 182.00 | Filing fees and court costs | 01/01/2018 | 2,267.32 | | | | | 182.00 | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 1,590.79 |
| 05/17/2018 | | | 100.00 | Foreclosure service fees (Other) | 01/01/2018 | 2,267.32 | | | | | 100.00 | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 1,690.79 |
| 05/21/2018 | | | 450.00 | Attorney's fees | 01/01/2018 | 2,267.32 | | | | | 450.00 | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 2,140.79 |
| 06/01/2018 | 453.74 | | | Monthly payment | 01/01/2018 | 2,721.06 | | | | | | 46,322.77 | 46,322.77 | 0.00 | 285.79 | 2,140.79 |
| 06/03/2018 | | | 33.88 | Payment | 01/01/2018 | 2,721.06 | 0.00 | 0.00 | -33.88 | | | 46,322.77 | 46,322.77 | 0.00 | 251.91 | 2,140.79 |
| 06/20/2018 | | | | Bankruptcy Filed | 01/01/2018 | 2,721.06 | | | | | | 46,322.77 | 46,322.77 | 0.00 | 251.91 | 2,140.79 |

Official Form 410A    Mortgage Proof of Claim Attachment    page 4 of 4

## Addendum Page

Basis for asserting that the applicable party has the right to foreclose: Debtor(s) executed a promissory note secured by a mortgage, deed of trust, or security deed. The Promissory note is either made payable to creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage, deed of trust, or security deed.

### Additional Disclaimers (where applicable)

#### 410

Part 2: Question 9 Describe contains the property address and may contain a description for "Other".

#### 410A

Part 1:

Full creditor name cannot be displayed due to space limitation, see 410 part 1.1 for full name.

Part 2:

Principal Balance is from Part 5, Column M as of the Bankruptcy File Date.

Interest Due is the interest due as of the Bankruptcy File Date.

Fees, costs due is from Part 5, Column P as of the Bankruptcy File Date and includes any outstanding fees (i.e. late charges, property inspections) and cost (i.e. attorney costs), also included are corporate advances (i.e. tax, insurance) for non-escrowed loans as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow deficiency for funds advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Other includes any applicable Private Mortgage Insurance, other Optional Products (i.e. A & H, Life) or Deferred Interest, where applicable, due as of the Bankruptcy File Date. This line was added to ensure transparency.

Less Total Funds on hand is the total of Part 5, Column O (if positive balance) and Q as of the Bankruptcy File Date.

Total Debt not to be used for payoff purposes.

The Total debt figures in Part 2 of the Form 410A and the corresponding figure in Part 2(7) of the Form 410 include an amount for the MIP/PMI premium(s) that are due as of the petition date but may not be disbursed to the third party until after the petition date. These transactions will not appear in Part 5 of the 410A because they are post-petition disbursements. To the extent a breakdown of the Other amount in Part 2 of the 410A is requested, it will be provided.

Part 3:

Principal and Interest is the principal and interest portion of Part 5, Column G, as of the Bankruptcy File Date. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition principal and interest amounts).

Pre-Petition Fees Due is from Part 5, Column P as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.

Escrow Deficiency for Funds Advanced is from Part 5, Column O (if negative balance) as of the Bankruptcy File Date.

Projected Escrow Shortage is the Escrow Required from the escrow analysis minus a positive escrow balance as of the Bankruptcy File Date. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition escrow amounts).

Other includes any applicable Optional Products (i.e. A & H, Life) due as of the bankruptcy file date. This line was added to ensure transparency. (If post-petition payments are included as required by Local Rule or practice, this field will include post-petition Optional Product amounts).

Less Funds on Hand is from Part 5, column Q as of the Bankruptcy File Date.

Part 4:

Optional Products includes any applicable optional products (i.e. A & H, Life) due as of the Bankruptcy File Date. This line was added to ensure transparency.

(*)This disclaimer has been added to the form to explain that the monthly payment amount may change periodically throughout the life of the loan.

Part 5:

If any of the transactions in the loan payment history contain amounts for optional products, the amount for that product will be reflected in either the Contractual payment amount or the Funds Received amount, and will be applied in those amounts. It will also be reflected in column G as described below.

Column G In addition to the items listed, this also includes any past due PMI or optional products (i.e. A & H, Life) amounts, as applicable. Optional product (i.e. A & H, Life) amounts will not be included in columns H-Q due to no appropriate column heading for this type of transaction.

Column J includes taxes, insurance and MIP/PMI as applicable.

Column N will only be populated if the loan is Daily Simple Interest or if Deferred Interest exists on the account.

Column O includes taxes, insurance and MIP/PMI as applicable.



Wells Fargo Home Mortgage
One Home Campus
Des Moines, IA 50328-0001

**ESCROW DISCLOSURE STATEMENT
AND NOTICE OF NEW MORTGAGE PAYMENT**

| | |
|---|---|
| **Loan Number:** | ▮▮▮▮▮▮ |
| Next Payment Due Date: | 1/1/2018 |
| New Payment Effective Date: | 7/1/2018 |
| New Payment Amount: | $453.00 |
| Statement Date: | 8/9/2018 |
| Interest rate: | 5.5000% |
| Principal Balance: | $46,322.77 |

WILLIAM C POLLY

3 BROAD ST
VAN LEAR, KY 41265-8616

*property address if applicable*

Each year, we review your escrow account to make sure the escrow portion of your scheduled mortgage payment covers your property taxes and/or insurance premiums. Increases or decreases in your annual taxes and/or insurance premiums may cause your mortgage payment amount to change. Here are the details of your most recent escrow account review. Please take a moment to look over your new escrow and mortgage payment details.

PLEASE NOTE: This notice is being provided for informational purposes only. As a result of at least one bankruptcy case filing that included the above referenced account, Wells Fargo is NOT attempting in any way to violate any provision of the United States Bankruptcy Code or to collect a debt (deficiency or otherwise) from any customer(s) who is impacted by an active bankruptcy case or has received a discharge, where the account was not otherwise reaffirmed or excepted from discharge. THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMER(S).

**New escrow and mortgage payment amount**
*New Payment Effective Date:*    **7/1/2018**

| | Current Payment | New Payment |
|---|---|---|
| Principal &/or Interest | $294.68 | $294.68 |
| Escrow payment | $158.37 | $158.32 |
| Prorated shortage | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| **Total Payment** | **$453.05** | **$453.00** |

If you use one of our automatic payment options, we will adjust your electronic withdrawal to ensure your 07/01/18 payment is made in full.

If your current payment includes an amount to cover a previous escrow shortage, this amount will be added. If your current payment includes an adjustment for extra funds you deposited to your escrow account this amount will be deducted.

Customer Service:
(800) 340-0473
Customer Service Hours:
Mon-Fri 7 a.m. - 8 p.m. Central Time

When you send in a check to make
your payment, Wells Fargo Bank, N.A.
may clear the check electronically.

The following information covers your projected escrow account activity from
07/01/18 to 06/01/19.

Projected escrow account disbursements
Annualized items to be paid from your escrow account ($):

| | |
|---|---|
| Hazard Insurance | $920.27 |
| FHA | $406.56 |
| County Taxes | $572.97 |

| | |
|---|---|
| Total disbursements | $1,899.80 |
| Scheduled escrow payment | $158.32 |

### Projected escrow account activity for the next 12 months

| | Anticipated payments $ | | | Escrow Balance $ | |
|---|---|---|---|---|---|
| Date | To Escrow | From Escrow | Description | Projected Escrow | Required Escrow |
| 07/01/18 | | | *Beginning Balance* | *$1,204.89* | *$1,244.36* |
| 07/01/18 | $158.32 | $33.88 | FHA | *$1,329.33* | *$1,368.80* |
| 08/01/18 | $158.32 | $33.88 | FHA | *$1,453.77* | *$1,493.24* |
| 08/01/18 | $0.00 | $920.27 | Hazard Insurance | *$533.50* | *$572.97* |
| 09/01/18 | $158.32 | $33.88 | FHA | *$657.94* | *$697.41* |
| 10/01/18 | $158.32 | $33.88 | FHA | *$782.38* | *$821.85* |
| 10/01/18 | $0.00 | $572.97 | County Taxes | *$209.41* | *$248.88* |
| 11/01/18 | $158.32 | $33.88 | FHA | *$333.85* | *$373.32* |
| 12/01/18 | $158.32 | $33.88 | FHA | *$458.29* | *$497.76* |
| 01/01/19 | $158.32 | $33.88 | FHA | *$582.73* | *$622.20* |
| 02/01/19 | $158.32 | $33.88 | FHA | *$707.17* | *$746.64* |
| 03/01/19 | $158.32 | $33.88 | FHA | *$831.61* | *$871.08* |
| 04/01/19 | $158.32 | $33.88 | FHA | *$956.05* | *$995.52* |
| 05/01/19 | $158.32 | $33.88 | FHA | *$1,080.49* | *$1,119.96* |
| 06/01/19 | $158.32 | $33.88 | FHA | *$1,204.93* | *$1,244.40* |
| **Total** | **1,899.84** | **1,899.80** | | | |

These calculations indicate the projected escrow balance will be less than the allowable low point.
The resulting shortage is        **-$39.47.**    An Escrow adjustment of              **$39.47** is scheduled
to be repaid through bankruptcy.

The projected escrow account activity is based on the most recent tax and/or insurance information available as well as the
assumption that your payments will be received as agreed.

Projected low point. The point during the annual period at which the projected escrow balance will reach its lowest point.
Required escrow balance. To cover unanticipated disbursements, including increases to tax or insurance payments,
there is a 2 month minimum escrow balance allowable by state law and/or your mortgage contract. This amount does not
include mortgage insurance.

*Your 2-month minimum escrow balance is $248.88
*State law requires that this minimum escrow balance not exceed $248.88
*Note: If you have an adjustable rate mortgage (ARM), you will receive a notice about your new
 mortgage payment when your ARM rate is scheduled to change.

**WELLS FARGO** **HOME MORTGAGE**

WELLS FARGO HOME MORTGAGE
PO Box 14547
Des Moines, IA 50306-3547

Loan number

| History Time Frame | 06/19/17 - 06/19/18 | | | |
|---|---|---|---|---|
| Transaction Description | Date Applied | Escrow Disbursement(s) | Escrow Receipt(s) | Escrow Account Balance |
| Starting Balance | | | | $969.88 |
| Escrow Deposit | Jul 2017 | | $169.89 | $1,139.77 |
| FHA Insurance | Jul 2017 | ($34.62) | | $1,105.15 |
| Hazard Insurance | Jul 2017 | ($920.27) | | $184.88 |
| Escrow Deposit | Jul 2017 | | $169.89 | $354.77 |
| FHA Insurance | Aug 2017 | ($34.62) | | $320.15 |
| Escrow Deposit | Aug 2017 | | $169.89 | $490.04 |
| FHA Insurance | Sep 2017 | ($34.62) | | $455.42 |
| Escrow Deposit | Sep 2017 | | $169.89 | $625.31 |
| FHA Insurance | Oct 2017 | ($34.62) | | $590.69 |
| Escrow Deposit | Oct 2017 | | $169.89 | $760.58 |
| FHA Insurance | Nov 2017 | ($34.62) | | $725.96 |
| County Tax | Nov 2017 | ($572.97) | | $152.99 |
| FHA Insurance | Dec 2017 | ($34.62) | | $118.37 |
| Escrow Deposit | Dec 2017 | | $169.89 | $288.26 |
| FHA Insurance | Jan 2018 | ($34.62) | | $253.64 |
| Escrow Deposit | Jan 2018 | | $169.89 | $423.53 |
| FHA Insurance | Feb 2018 | ($34.62) | | $388.91 |
| FHA Insurance | Mar 2018 | ($34.62) | | $354.29 |
| FHA Insurance | Apr 2018 | ($34.62) | | $319.67 |
| FHA Insurance | May 2018 | ($33.88) | | $285.79 |
| FHA Insurance | Jun 2018 | ($33.88) | | $251.91 |
| Payment Recovery Estimate | | | $952.98 | $1,204.89 |
| Ending Totals/Balances | | ($1,907.20) | $2,142.21 | $1,204.89 |
| Bankruptcy filed | 06/19/18 | | | |



State of KENTUCKY

# NOTE

Loan No.: ▮

FHA Case No. ▮

MIN ▮

MERS TELEPHONE: (888) 679-6377

March 21, 2011
[Date]

**3 BROAD STREET, Van Lear, KENTUCKY 41265**
[Property Address]

**1.    PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.  "Lender" means
CRESCENT MORTGAGE COMPANY, A DELAWARE CORPORATION
and its successors and assigns.

**2.    BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of Fifty One Thousand Eight
Hundred Ninety Nine And 00/100 Dollars (U.S. $51,899.00), plus interest, to the order of Lender.  Interest will be charged on unpaid
principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Five and One Half percent (5.500%) per year
until the full amount of principal has been paid.

**3.    PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as
this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

**4.    MANNER OF PAYMENT**

(A)    Time

Borrower shall make a payment of principal and interest to Lender on the FIRST day of each month beginning on May 1,
2011.  Any principal and interest remaining on the 1st day of April, 2041, will be due on that date, which is called the "Maturity
Date."

(B)    Place

Payment shall be made at 5901 PEACHTREE DUNWOODY ROAD NE, BLDG C, SUITE 250, ATLANTA,
GEORGIA 30328 or at such place as Lender may designate in writing by notice to Borrower.

(C)    Amount

Each monthly payment of principal and interest will be in the amount of U.S. $294.68.  This amount will be part of a larger
monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described
in the Security Instrument.

(D)    Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the
allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.
[Check applicable box]

[ ] Graduated Payment Allonge    [ ] Growing Equity Allonge    [ ] Other [specify]

**5.    BORROWER'S RIGHT TO PREPAY**

FHA KENTUCKY Fixed Rate Note                                                    10/95
1R (0809)
Page 1 of 3                                                    Initials: ▮

usfnote



Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6.    **BORROWER'S FAILURE TO PAY**

(A)    **Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen (15) calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent (4.00%) of the overdue amount of each payment.

(B)    **Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C)    **Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay $500.00 for costs and expenses for enforcing this Note.

7.    **WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

8.    **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

9.    **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.



_____ (Seal)
WILLIAM C POLLY                    -Borrower

Without recourse, pay to the order of:
Wells Fargo Bank, N.A.
CRESCENT MORTGAGE COMPANY,
A DELAWARE CORPORATION

by _____
DAVID ATTAWAY
VICE PRESIDENT



WITHOUT RECOURSE
PAY TO THE ORDER OF
Wells Fargo Bank, N.A.

By _____
William R. Martin
Vice President

FHA KENTUCKY Fixed Rate Note                                    10/95
                                                                1R (080P)
                    Page 3 of 3

JOHNSON COUNTY
**M480    PG635**

Return To:
CRESCENT MORTGAGE COMPANY
5901 Peachtree Dunwoody Rd NE, Bldg C, Suite 250
ATLANTA, GEORGIA 30328
Attn: SHIPPING DEPT./DOC. CONTROL
Prepared By:
ERIN HOWARTH

**RETURN TO LENDER**

Richard A. Whitaker
Preparer    Richard A. Whitaker



——————————— [Space Above This Line For Recording Data] ———————————

State of Kentucky

**MORTGAGE**

| FHA Case No. |
| --- |
| MIN: |
| MERS TELEPHONE: (888) 679-6377 |

THIS MORTGAGE ("Security Instrument") is given on March 21, 2011. The Mortgagor is WILLIAM C POLLY and ANGELICA J WILLIAMSON husband and wife ("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. CRESCENT MORTGAGE COMPANY, A DELAWARE CORPORATION, ("Lender") is organized and existing under the laws of DELAWARE, and has a mailing address of 5901 PEACHTREE DUNWOODY ROAD NE, BLDG C, SUITE 250, ATLANTA, GEORGIA 30328. Lender's principal place of business is 5901 PEACHTREE DUNWOODY ROAD NE, BLDG C, SUITE 250, ATLANTA, GEORGIA 30328. Borrower owes Lender the principal sum of Fifty One Thousand Eight Hundred Ninety Nine And 00/100 Dollars (U.S. $51,899.00). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on April 1, 2041. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and

FHA Mortgage With MERS-KY                                    Revised 4/96 Amended 2/01
4N(KY) (1101)                          Page 1 of 9
kylfmortd                                                    Initials:

```
    SALLEE C HOLBROOK-JOHNSON CO CLERK
    230 COURT STREET
    PAINTSVILLE, KY 41240

    RCPT#  14017              REG #  21
    CLERK  SALLEE

    DATE : 3/23/2011

    TIME : 11:02 AM

    1 x DEED                  $17.00
       3 PAGES
    VALUE   $53,250.00 FEE      $53.50
      GOBLE, RANDALL L.    /04@2810
    BK: D427     PG: 197 - 199

    1 x MORTGAGE             $38.00
      10 PAGES
    POLLY, WILLIAM C.     /04@2811
    BK: M480     PG: 635 - 644

             TOTAL          $108.50
    CHECK  PAYMENT OF        $108.50
           CHANGE DUE          $0.00

       OFFICE HOURS:
       MON-FRI 8:00 - 4:30PM
       SAT 8:30-12:00  THANK YOU

    CHECK #            AMOUNT
    37456             108.50
```

JOHNSON COUNTY
**M480   PG636**

modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns to MERS, the following described property located in JOHNSON County, Kentucky:

**SEE EXHIBIT "A" ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF.**

**Tax Parcel ID Number:** V62-01-00-023.00
which has the address of 3 BROAD STREET [Street], Van Lear [City], Kentucky 41265 [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

Uniform Covenants.

1.  **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
2.  **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a

FHA Mortgage With MERS-KY                                                    Revised 4/96 Amended 2/01
4NKY3(1101)                          Page 2 of 9
                                                                            Initials: _____

JOHNSON COUNTY
**M480    PG637**

mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

   <u>First</u>, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

   <u>Second</u>, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

   <u>Third</u>, to interest due under the Note;

   <u>Fourth</u>, to amortization of the principal of the Note; and

   <u>Fifth</u>, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

   In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

   In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days

FHA Mortgage With MERS-KY
-(NKY) (1101)                               Page 3 of 9                        Revised 4/96 Amended 2001

Initials

JOHNSON COUNTY
**M480   PG638**

of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.  **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.  **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.  **Grounds for Acceleration of Debt.**

    (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

JOHNSON COUNTY
M480    PG639

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 34 l(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 170 1j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a)

FHA Mortgage With MERS-KY
4N(KY) (1101)                              Page 5 of 9                              Revised 4/96 Amended 2/01

Initial

JOHNSON COUNTY
**M480  PG640**

is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**Non-Uniform Covenants.** Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

---

FHA Mortgage With MERS-KY
4N(KY)(1101)

Page 6 of 9

Revised 4/96 Amended 2/01

Initials

JOHNSON COUNTY
M480    PG641

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

[ ]  Condominium Rider              [ ]  Growing Equity Rider        [ ]  Other(s) [specify]
[ ]  Planned Unit Development Rider  [ ]  Graduated Payment Rider

FHA Mortgage With MERS-KY
4N(KY)(1101)                          Page 7 of 9                     Revised 4/96 Amended 2/01

Initials:

JOHNSON COUNTY
**M480    PG642**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

**Borrower**

_____    _____(Seal)
                           WILLIAM C POLLEY                    -Borrower


_____    _____(Seal)
                           ANGELICA J WILLIAMSON              -Borrower

JOHNSON COUNTY
**M480    PG643**

Acknowledgment
State of Kentucky
County of _____ JOHNSON _____

This instrument was acknowledged before me on _____ MARCH 21, 2011 _____ by
WILLIAM C POLLY and ANGELICA J WILLIAMSON,

Notary Public   Robert Black

My commission expires:

ROBERT E. BLACK
NOTARY
PUBLIC
My Commission
Expires
August 19, 2011
STATE AT LARGE KY

FHA Mortgage With MERS-KY
4N(KY)(1101)                    Page 9 of 9                    Revised 4/96 Amended 2/01

Initials

JOHNSON COUNTY
**M480  PG644**

## EXHIBIT "A"

Lying and being on the north side of Millers Creek, between Harry Litteral Branch (or Webb Hollow) and Henry Litteral Branch (or Happy Hollow) being the lot upon which House No. 131, is located, and being more particularly described as follows, to-wit:

Beginning at an iron pin, a corner on line between Houses Nos. 129 and 131, at the north west edge of a road in front of said houses; thence running in a northwesterly direction with line between said houses a distance of 123.5 feet to an iron pin at the southeast edge of passway at the rear of said houses; thence running in a northeasterly direction with the edge of said passway a distance of 37.1 feet to an iron pin on the south side of the paved road; thence running in a southeasterly direction along the south side of said road a distance of 92 feet to a box elder stump; thence continuing in a southeast course along the south side of the paved road; thence running in a southwesterly direction with the edge of the road in front of said House No. 131, a distance of 53.5 feet to the beginning, being a part of Consolidation Coal Company, Tract No. 6.

This deed is made subject to all reservations, exceptions and easements of record affecting the above described property, which are recorded in Johnson County Court Clerk's Office.

This conveyance is made subject to all reservations, conditions and stipulations now of record in the above-mentioned clerk's office, which affect the above described property.

Being the same property conveyed to William C. Polly, a married person, by Deed dated 03/21/2011, recorded simultaneously herewith, in the Johnson County Clerk's Office.

DOCUMENT NO:    482811
RECORDED ON: MARCH 23,2011 11:01:29AM
TOTAL FEES:         $38.00
COUNTY CLERK: SALLEE HOLBROOK
COUNTY:        JOHNSON COUNTY
DEPUTY CLERK: SALLEE
BOOK M480      PAGES 635 - 644

JOHNSON COUNTY
**M559   PG428**

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

ASSIGNMENT TEAM
WELLS FARGO BANK, N.A.
MAC: N9289-016
PO BOX 1629
EAGAN, MN  55121-4400

### CORPORATE ASSIGNMENT OF MORTGAGE

Johnson, Kentucky
"POLLY"

MIN #                          SIS #: 1-888-679-6377

Date of Assignment: March 2nd, 2018
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CRESCENT
MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS at P.O. BOX 2026, FLINT, MI  48501-2026
Assignee: WELLS FARGO BANK, N.A. at 1 HOME CAMPUS, DES MOINES, IA  50328

Executed By: WILLIAM C POLLY AND ANGELICA J WILLIAMSON HUSBAND AND WIFE  To: MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CRESCENT MORTGAGE COMPANY, ITS
SUCCESSORS AND ASSIGNS
Date of Mortgage:  03/21/2011 Recorded:  03/23/2011  in Book/Reel/Liber: M480 Page/Folio: 635 as Instrument No.:
402811  in the County of Johnson, State of Kentucky.

Property Address: 3 BROAD STREET, VAN LEAR, KY  41265

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $51,899.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CRESCENT MORTGAGE
COMPANY, ITS SUCCESSORS AND ASSIGNS
On __3- 2 -18__

By: _____
    Yves Akoru Kendo
Assistant  Secretary

JOHNSON COUNTY
**M559    PG429**

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Minnesota
COUNTY OF Dakota

On ___8-2-18___ , before me, ___Bhavdip Chhotalal Chouhan___ , a Notary Public in the State of Minnesota,
personally appeared ___Yves Akara Kenoo___ Assistant  Secretary of MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CRESCENT MORTGAGE COMPANY, ITS SUCCESSORS
AND ASSIGNS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
Bhavdip Chhotalal Chouhan

Notary Expires: 1/31/21

BHAVDIP CHHOTALAL CHAUHAN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021

(This area for notarial seal)

Document Prepared By: _____
MICHELLE L CHRIST,   WELLS FARGO BANK, N.A. 1000 BLUE GENTIAN RD, SUITE 200, EAGAN, MN  55121 1-866-234-8271

DOCUMENT NO: 524534
RECORDED:March 08,2018  11:27:00 AM
TOTAL FEES:       $13.00
COUNTY CLERK: SALLEE HOLBROOK
DEPUTY CLERK: SALLEE
COUNTY: JOHNSON COUNTY
BOOK: M559    PAGES: 428 - 428
                                    429